IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JUAN ALEXANDER MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 23-569 (MN) |
| | ) | |
| SHIRKEA TOWNSEND, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM OPINION</u>**

Juan Alexander Moore, Wilmington, Delaware – Pro Se Plaintiff.

November 16, 2023
Wilmington, Delaware

*Maryellen Noreika*

**NOREIKA, U.S. DISTRICT JUDGE:**

Plaintiff Juan Alexander Moore ("Moore") filed this action against the Delaware Division of Child Support Services ("DCSS") and several DCSS employees. (D.I. 2). Moore appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5). The Amended Complaint is the operative pleading. (D.I. 6). The Court proceeds to review and screen the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b).

## I.      BACKGROUND

Moore's allegations and claims are difficult to discern from his filings. DCSS may or may not have an active action against him in Delaware Family Court seeking child support arrears. It appears that such an action against him was voluntarily dismissed, without prejudice, on April 16, 2020, as a result of the COVID 19 pandemic. (D.I. 6-1 at 8). In August 2023, however, DCSS sent him a letter stating that he owed support arrears totaling $81,549.18. (*Id.* at 2-3).

Moore's Amended Complaint recites many conclusory legal terms, like conspiracy, double jeopardy, securities fraud, threats, duress, coercion, due process and treason. He references the Fourth, Fifth, and Seventh Amendments, and some federal statutes. He also asserts without explanation that the Delaware Family Court lacked jurisdiction. For relief, he seeks hundreds of thousands of dollars in damages.

## II.     SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips*

1

*v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).  Because Moore proceeds *pro se*, his

pleading is liberally construed and the Amended Complaint, "however inartfully pleaded, must be

held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*,

551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim.  *See Dooley v.*

*Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020).  Rather, a claim is deemed frivolous only where it relies

on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional'

factual scenario." *Id*.

The legal standard for dismissing a complaint for failure to state a claim pursuant to

§ 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions.

*Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).  A well-pleaded complaint must

contain more than mere labels and conclusions.  *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  A plaintiff must plead facts sufficient to show that a

claim has substantive plausibility.  *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per

curiam).  A complaint may not be dismissed, however, for imperfect statements of the legal theory

supporting the claim asserted.  *See id*. at 11.

A court reviewing the sufficiency of a complaint must take three steps:  (1) take note of the

elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no

more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-

pleaded factual allegations, assume their veracity and then determine whether they plausibly give

rise to an entitlement to relief.  *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016).

Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is

entitled to relief.  *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

III.    **DISCUSSION**

Moore's Amended Complaint, even when viewed in the light most favorable to him, is frivolous, fails to state a claim, and names a defendant that is immune to suit for damages.

First, the allegations, to the extent understood, are legally and factually frivolous. They "are so attenuated and unsubstantial as to be absolutely devoid of merit, . . . wholly insubstantial, . . . obviously frivolous, . . . plainly unsubstantial, . . . or no longer open to discussion." *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (internal citations and quotation marks omitted). Moore clearly fails to state any claims. The Court concludes that amendment is futile.

Furthermore, DCSS, as a Delaware state agency, is immune under the Eleventh Amendment from a suit brought in federal court for damages. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974).

Accordingly, the Amended Complaint will be dismissed.

IV.    **CONCLUSION**

For the above reasons, the Court will dismiss the Amended Complaint pursuant 28 U.S.C. § 1915(e)(2)(B)(i), (ii), and (iii). Amendment is futile.

An appropriate Order will be entered.